STATE TO USE OF HAZARD P. CLENDENIN, Respondent, v. GEORGE SCHNEIDER *et al.*, Appellants.

1. *Evidence—Res gestæ—Hearsay.*—The statements of a party in possession of property, as to the nature of his possession, form part of the *res gestæ* and are admissible in evidence.

2. *Pleading—Joinder of actions.*—Bonds given by the same defendants may be united in one petition, although the parties giving them stand in different relations to each other.

*Appeal from St. Louis Circuit Court.*

*Davis & Evans*, for appellants.

I. The Circuit Court erred in admitting the deposition of Benjamin Heaton, the whole of which was objected to; it contained much hearsay.

The statement of what Bohrman had said about his agency and the ownership of the wood ought to have been excluded. Bohrman was alive at the time of the trial, and if he was a competent witness might have been called to testify in the cause. The agency of a party cannot be proved by his own acts and declarations against one under whom he assumes to act. (Craighead v. Wells, 24 Mo. 404; Bell, to use of Davidson, v. Glover, 1 Mo. 574.)

II. The court erred in permitting counsel to ask the witness Benson, what Bohrman said about the ownership of the wood after it was attached. (Cairn v. Smith & Ker, 20 Mo. 221; State v. Mix, 15 Mo. 160; State v. Wolf, 15 Mo. 172.)

*I. T. Wise*, for respondent.

The suit was properly brought by Clendenin upon said bonds. They were given under the statute to enable him to sue, if the property levied on as the property of another was in fact his property. (Laws applicable to St. Louis Co. 426.)

The judgment was properly rendered. The judgment of a court sitting as a jury will not be reversed without manifest error appearing upon the record.

As there were no instructions on the law given or refused, the only question left is whether, upon the evidence, the court was warranted in rendering the judgment given by it.

This court has so often decided that it will not interfere upon the question of sufficiency or insufficiency of the evidence upon which the court below rendered its judgment, that it is not deemed necessary to cite authorities. (Presbury v. Morris, 18 Mo. 165.)

The admissions of Bohrman of his having no title to the wood, and that he was an agent for Clendenin, and had the possession of the wood as such, are good evidence, as well against Bohrman's creditors as it would have been against Bohrman himself, if he had been defending against Clendenin's action for the wood or the proceeds, if sold by Bohrman. Bohrman's creditors are subject to the same defences

and the same evidence that Bohrman would be. (1 Greenl. Ev. § 171; Bell v. Glover, 1 Mo. 574, s. p.)

LOVELACE, Judge, delivered the opinion of the court.

This is an action, brought in the St. Louis Circuit Court, upon two bonds given by the appellants to indemnify an officer for selling property attached by them in certain suits of attachment, brought by appellants against one Bohrman. Henry Deer was principal in one of the bonds, with George Schneider and the other defendants as securities, and George Schneider was principal in the other bond, with Henry Deer and the other defendants as securities. Upon the trial in the Circuit Court, a judgment was rendered for the plaintiff Clendenin on both bonds, and the cause is brought here by appeal.

The points chiefly relied on for reversing this judgment are: 1. The admission of improper evidence offered by the plaintiff; 2. That there was a misjoinder of actions; 3. That the verdict was against the evidence.

On the trial, the deposition of Benjamin Heaton was offered in evidence by the plaintiff, which stated that "Peter Bohrman did take from the Macoupin creek in the State of Illinois, in June, 1861, from 125 to 150 cords of wood, in the barge Liberty; that witness was present at the time, and saw Bohrman take the wood." In answer to an interrogatory propounded by plaintiff, the witness says: "It was Hazard P. Clendenin's wood." The plaintiff then asked witness how he knew it was Hazard P. Clendenin's wood. To which he replied, "Because I knew said wood was cut and banked on said Hazard P. Clendenin's land; and said Peter Bohrman, at said time and place, in the presence of myself (witness), the said Hazard P. Clendenin, and others, stated that the said wood belonged to the said Clendenin, and that the said Bohrman was freighting the said wood for the said Clendenin." This portion of Heaton's deposition was objected to as incompetent, because it contains the declarations of Bohrman, and Bohrman was a competent witness in the case.

The mere declarations of Bohrman (narrative of what had happened in the transaction) would certainly be liable to the objection that it was hearsay, and ought to be excluded; but, in this case, the title to the wood is the only question under consideration before the court. In proof of that title, the plaintiff undertakes to show that the wood was cut and banked upon his land in the State of Illinois, and to explain how it passed out of his possession into the possession of Bohrman. This transfer of possession is the leading transaction that fixes the question of title. Was this transfer of possession a transfer of title, according to the defendant's theory, or was it merely passing the possession over to Bohrman in the capacity of a common carrier? One of the ways of determining this is by what was done and said by the principal actors at the time the possession was transferred. The declarations were contemporaneous with the main fact under consideration, and were so connected with it as to tend to illustrate its character. (1 Greenl. Ev. 124.) This evidence was properly admitted as a part of the *res gestæ.*

There was also objection to the action of the court with regard to the evidence of a witness by the name of Benson, a wood merchant in St. Louis, with whom the wood was placed by Bohrman for sale. After the wood was levied on, Bohrman told Benson that the wood belonged to Clendenin, and went on to state his contract with Clendenin for freighting the wood. This evidence was objected to at the time by defendants, but the court heard the evidence; and on the day after the evidence was heard, the court asked the defendants' counsel if they still adhered to their objection to this evidence, to which they answered affirmatively, and the court then ruled out that portion of the evidence covered by their objection. The defendants' counsel argues that it is too late to exclude evidence after it has been heard by the triers of the fact, and cites State v. Mix, 15 Mo. 160, and State v. Wolf, 15 Mo. 172. In both the cases cited there was a jury, and the case at bar was tried before the court. It is one of the inconveniences of trying cases before the court

State to use, &c., v. Schneider et al.

that the court becomes the judge of the law and the fact. It is frequently impossible to declare the law of evidence until the facts are first known. It frequently happens that the judge must hear the evidence before he can tell whether it is competent or incompetent, and the fact that he is trying the facts as well as the law does not change the case in this respect. Courts ought to use all proper caution not to let irrelevant and illegal evidence influence their judgment when they are trying the facts, but no rule can be laid down here determining when they may hear the evidence and when they may not, to determine its competency.

The second cause of complaint made by the defendants is that there was a misjoinder of actions. The declaration is founded upon two penal bonds, one with Deer as principal and Schneider and others as securities, and the other with Schneider as principal and Deer and others as securities. If the defendants wished to avail themselves of any misjoinder, they should have demurred to plaintiff's petition. But our statute is very broad in laying down the different causes that may be united in the same petition. The second subdivision of the 2d sec., 6th Art. of the Practice Act (R. C. 1855, p. 1228) provides for uniting matters of contract expressed or implied. It would be difficult to say, under this section, that the two causes of action in the plaintiff's petition were improperly joined; and the 19th section of the 9th article of the same act (p. 1256) seems broad enough to cover the defect, after verdict, even if there had been a misjoinder.

The third and last objection to the judgment of the court below is that it is against the evidence. If there was no evidence at all to support the verdict, it would be the duty of the court to set it aside; but when it is merely against the weight of evidence, this court has frequently said it would not interfere. The facts are much more easily inquired into in the court below than here, and it is the duty of that court and jury to adjust that matter.

The other judges concurring, the judgment is affirmed.