Burgert, et al. v. Borchert, et al.

LEVI BURGERT *et al.*, Appellants, *vs.* WILLIAM BORCHERT, *et al.*, Respondents.

1. *Fraudulent conveyances—Instruction as to intent to "cheat, hinder and delay."* —An instruction declaring that a fraudulent conveyance, to be void, must be made with intent to "cheat, hinder *and* delay" creditors, held bad.

2. *Fraudulent conveyances—Unnecessary to show combination to hinder or delay, etc.*—In order to defeat a conveyance on the ground of fraud under the statute, (Wagn. Stat., 280, § 2,) it is unnecessary to prove any combination or confederation between the maker and transferree to hinder or delay creditors. It is enough to show that an intent, such as the statute prohibits, prompted the parties to make the transfer. And in such case it is immaterial how valuable a consideration may have been paid.

3. *Fraudulent conveyance—Proof as to fraud may be gathered from circumstances.* —Although it devolves upon a party alleging fraud to prove it, yet, the requisite proof need not be of a direct or positive character, but may be gathered from surrounding circumstances indicative of a design to hinder, delay or defraud creditors.

4. *Sale of personal property—Change of possession must be actual, etc.*—The vendee, on sale of personal property must, under the statute (Wagn. Stat., 281, § 10) take actual possession, and the possession must be open, notorious and unequivocal, accompanied by the usual *indicia* of ownership, by a complete change of control over the property, and by some act which will operate to divest the title and possession out of the vendor, and vest them in the vendee. (Claflin vs. Rosenburg, 42 Mo., 439, affirmed.)

5. *Interplea—Sheriff's return may be contradicted, when.*—In case of interplea in an attachment suit, the sheriff's return showing who had possession of the goods at the time of the levy, is not conclusive upon the interpleader; but he may, in such proceeding, introduce evidence contradicting the return.

6. *Declarations of party in possession, or apparently in possession, may be received in evidence.*—The declarations of a party in possession of property are verbal acts, and are admitted as explanatory of the possession. But if not in possession, his declarations are valueless and inadmissible. His declarations made when apparently in possession, although the evidence on that point is conflicting, may go to the jury under appropriate instructions.

*Appeal from Bates Circuit Court.*

*Henry Flanagan*, for Appellants.

I. Communications between the parties to, and concurrent with, transactions between them and which relate to such transactions and are calculated to explain the nature thereof, are admissible in evidence as part of the *res gestæ.* (Eastman vs. Bennett, 6 Wis., 232; 1 Greenl. Ev., § 108, *et seq.*)

II. Every circumstance calculated to aid in determining whether the intent to defraud existed, should have. been given to the jury.

III. The declarations of parties in possession of personal property, especially if such declarations be against the interest of the party making them, are competent evidence. (State vs. Schneider, 35 Mo., 533 ; Howell vs. Howell, 37 Mo., 124.)

. So also are such declarations admissible in evidence, when they explain the character of the declarant's possession, as that he held in his own right, or in the right of another, etc. (Darrett vs. Donnelly 38 Mo., 492, and cas. cit.)

IV. To make a sale of personal property good against creditors of the vendor, the vendee must take actual possession ; that possession must be open and unequivocal, having the usual indications of ownership by the vendee, so as to notify the world of his claim ; and this possession must be continuous. (Claflin vs. Rosenburg, 42 Mo., 439 ; Engles vs. Marshall, 19 Cal., 320.)

V. The first instruction given on behalf of the interpleaders is not the law. It does not embody the language of the statute. It requires the jury to find that the conveyance was made with the intent to cheat, hinder *and* delay the creditors of Borchert. The statute is in the disjunctive. (Pilling vs. Otis, 13 Wis., 495.)

VI. Under the second instruction for the interpleaders, the attaching creditors were required to prove a combination and confederation between the vendor and vendee to hinder and delay the creditors. An intent to do either, or both, is not sufficient. If this instruction be law, the statute against fraudulent conveyances · is simply · a delusion. Proof of the intent is sufficient, and that intent is to be ascertained from all the circumstances of the case. (Reed vs. Pellitier, 28 Mo., 173 ; 3 Greenl. Ev., § 13.)

VII. The writ of attachment and the return of the sheriff thereon, are a part of the record and conclusive as to the

matters therein contained, unless upon a direct proceeding against the officer for a false return. (12 Mo., 527; 2 Wis., 99.)

*Page & Holcourt*, for Respondents, among other points urged the following:

I. The sheriff's return was not evidence of the possession of the property. Certainly the sheriff could not decide this case by a return of the writ of attachment.

II. The court properly refused to allow appellants to introduce witnesses to prove the statements of Borchert. This is an action between Burgert, Adams & Co., and Smith and Clark interpleaders. Borchert had, by his solemn deed, parted with the property in dispute, and he had no more power to impress the title, by either his acts or his declarations, than any other mere stranger.

Such declarations are only hearsay. Besides the court allowed the testimony of Borchert, impeaching his solemn act, to go to the jury. Certainly the appellants have no cause for complaint. (Grantham vs. Thomas, 35 Mo., 202.)

SHERWOOD, Judge, delivered the opinion of the court.

Under attachment proceedings instituted by Burgert, Adams & Co., certain wares and merchandise were levied on by the sheriff, as belonging to the defendant, Burchert, which were subsequently claimed by Smith & Clark, who interpleaded for the same. There were very many suspicious circumstances attendant upon the alleged transfer to Smith & Clark, and much conflict of testimony at the trial, which resulted in a verdict in favor of the interpleaders. We will first examine the instructions given at their instance:

I. The language of the statute, (1 Wagn. Stat., 280, § 2,) in relation to fraudulent conveyances, etc., prohibits the transfer of lands, goods, chattels, etc., with intent to hinder, delay, or defraud creditors, etc.

The first instruction given on behalf of the interpleaders was objectionable, as it failed to employ the words of the statute, and was erroneous, because it substituted others in

their stead, requiring the jury to find that the conveyance was made with intent to "cheat, hinder *and* delay" creditors, before they could deem it void.

The statute, it will be observed, is in the disjunctive, and attaches a separate and specific meaning to each of the words which it employs, while the instruction requires the jury to find the existence of a triple intent, to cheat, hinder and delay, before the could hold the conveyance void. (Pilling vs. Otis, 13 Wis., 495.) The court below, certainly could not have borne the provisions of the statute in mind, when giving sanction to such an unwarrantable instruction. Thus instructed, the jury, rationally enough, might find that an intent existed to obstruct creditors in the collection of their debts, and also, to defer the payments which were due them, without finding that the debtor cherished the knavish design to prevent the ultimate collection of the debt.

II. It was wholly unnecessary to prove any combination or confederation between the defendant and interpleaders to hinder or delay, etc., creditors. It was sufficient under the statute, to show that an intent, such as the statute prohibits, prompted the transfer, and moved its execution on the part of those who participated therein. It was not essential to establish any formal or premeditated design, to accomplish the illegal purpose. It was quite enough to establish either directly or indirectly, that the participators in the transaction were actuated by a motive which the law respecting fraudulent conveyances inhibits, and when such a motive is shown to exist, it is entirely immaterial how valuable a consideration may have been paid by the transferree; the law puts the stamp of its disapprobation on the sale and pronounces it void. For this reason the second instruction, on which we have been commenting, was erroneous. (Reed vs. Pillitier, 28 Mo., 173.)

III. While it is undoubtedly true as a general legal proposition that "fraud is not to be presumed, but must be proved by the party alleging it," yet it is equally true, that fraud is seldom capable of direct proof, but for the most part has to

be established by a number and variety of circumstances, which, although apparently trivial and unimportant, when considered singly, afford, when combined together, the most irrefragable and convincing proof of a fraudulent design. (See case decided at last March Term.) It would have been better, therefore, had the third instruction gone further, and informed the jury what constituted fraud within the meaning of the law under discussion, and told them that although it devolved on the party alleging fraud. to prove it, yet that the requisite proof need not be of a direct or positive character, but might be gathered from the surrounding circumstances indicative of a design to hinder, delay or defraud creditors."

. But aside from this view, the instruction was erroneous, because of assuming the existence of two facts : That the sale to Smith & Clark was a mere preferment of them to other creditors, and that the sale was "unattended by other circumstances."

IV. The fourth instruction is erroneous, as it assumes that the purchasers had taken possession of the goods in the store. Besides that, it is exceedingly doubtful whether there was any evidence on which to base the instruction. The impression produced on the mind after reading the evidence, is, that the sale was a secret and hurried affair, to which no publicity. whatever was given.

The objectionable features of the fifth instruction given on behalf of the interpleader. have been already sufficiently passed upon. in our discussion of the other instructions granted at their request.

V. The third instruction asked by plaintiffs, to the effect that the giving and the acceptance of a valuable consideration would not support the sale, if there was any design on the part of the vendor and vendee to hinder or delay creditors. should have been given. It however, has been sufficiently discussed in our remarks upon the second instruction, given on behalf of the interpleaders.

VI. Section 10 of the statute to which reference has been made, (Wagn. Stat., 281, § 10) provides, that: "Every sale made by a vendor of goods and chattels in his possession, or under his control, unless the same be accompanied by delivery in a reasonable time, (regard being had to the situation of the property) and be followed by actual and continued change of the possession of the things sold, shall be held to be fraudulent and void as against the creditors of the vendor or subsequent purchasers in good faith." This section received full consideration at the hands of this court, in the case of Claflin vs. Rosenburg. (42 Mo., 439). And the doctrine there enunciated, that the vendee must take the actual possession, and the possession must be open, notorious, and unequivocal, accompanied by the usual marks and *indicia* of ownership, by a complete change of control over the property, and by some act which will operate to divest the title and possession from the vendor and vest them in the vendee, was embodied in the fourth instruction asked by the plaintiff; and there was error in its refusal. And the refusal of this instruction must of necessity have been very prejudicial to the plaintiffs, as the evidence was very slight indeed, which tended to show any possession whatever of the goods, by the interpleaders, prior to the levy of the attachment.

VII. There was no error in the refusal to instruct that the sheriff's return, showing who had possession of the goods, at the time of the levy of the writ thereon, was conclusive upon the interpleaders. They were not, in strictness, such parties to the suit as to whom the return of the officer is conclusive. The right to interplead is in the nature of an action of replevin engrafted upon a suit by attachment. If the interpleaders had neglected to avail themselves of their statutory privilege of filing an interplea, no doubt would be entertained, but that they might still assert their claims to the property seized in an action of replevin ; and when so asserting their claim, in such action, it is equally free from doubt, that the return of the sheriff in the attachment suit would not be held

as conclusive against them, but only as *prima facie* evidence of the matters it contained; as this is the rule which prevails where the matters returned come collaterally in issue, and where the right of third parties are involved. (Crocker on Sheriffs, § 45, and cases cited.)

This being the case, it cannot with any show of reason be urged that the mere fact that the interpleaders had chosen to avail themselves of their statutory privilege in the action of attachment should debar them from the introduction of evidence contradictory of the shertff's return, with the like force and effect as when introduced for the same purpose in an action of replevin. In a word, the form of the action would not change the rules of evidence, nor render that conclusive, which otherwise would only be *prima facie.*

VIII. In investigations of the character involved in the case at bar, there are two prominent questions presented: First, were the parties to the transaction actuated by a motive to hinder, delay or defraud the creditors of the vendor? Second, was possession of the goods alleged to have been sold, accompanied by delivery in a reasonable time (regard being had to situation of the property) and was the alleged sale followed by an actual and continued change of the possession of the things said to have been sold?

Any evidence, therefore, tending to shed light, even remotely, on the subject of these inquiries, is admissible. And if the first question is answered in the affirmative, or the second in the negative, the result must be in favor of those attacking the sale. For this reason testimony must be elicited, as to the possession of the goods; as to the character of that possession; as to whether it and the delivery of the articles sold was open, notorious and unequivocal; as to the declarations of the party in, or apparently in possession, as to the quantity and value, or apparent quantity and value of the goods, at or about the time the alleged sale was effected; as to whether the sale was secretly and knowingly made, or made in the usual and ordinary course of business upon an adequate consideration, and after ascertaining what the buyer

was buying. and the vendor selling; as to the generally rumored insolvency of the vendor; as to whether the purchaser who claims an antecedent debt as the consideration of the sale, has that debt otherwise well secured by a mortgage on the same goods; and such testimony is particularly pertinent bearing as it necessarily must, either directly or remotely on the matters to be investigated by the triers of the issues.

Testimony of the kind mentioned, or of a like nature, is always receivable to establish or to overthrow thereon, the *bona fides* or the validity of the given transaction. The rule is familiar, that the declarations of a party in possession of property, are verbal acts, and are admitted as explanatory of the nature of that possession. (1 Greenl. Ev., §§ 108, 109; Darrett vs. Donnelly, 38 Mo., 482; State vs. Schneider, 35 Mo., 533.)

But if a party is not in possession, his declarations are valueless and inadmissible. Where, however, as in the present instance it is a matter of doubt, owing to conflicting testimony, whether a party is in possession or not, it is better to let the evidence of his declarations, made when apparently in possession, go to the jury under appropriate instructions.

Because the court below gave improper and refused to give proper instructions, and because of the rejection of competent evidence of the character above referred to, the judgment is reversed and the cause remanded. Judge Vories absent; the other judges concur.