THE STATE OF MISSOURI, use of GEORGE BINDBEUTEL, Respondent, *v*. HENRY N. NAUERT *et al*., Appellants.

June 6, 1876.

1. An intent to hinder, delay, or defraud creditors is sufficient to invalidate a mortgage. It is not necessary that there be also combination and confederation between the mortgagor and mortgagee.

2. It is error to instruct that, in order to render a mortgage void, there must have been an intent to "hinder, delay, *and* defraud creditors." The word "or" should be used, instead of "and." Such error is not cured by another instruction to the effect that an intent to "hinder and delay" will suffice.

3. Where part only of certain mortgaged property is taken in execution against the mortgagor, and the mortgagee gives notice of his claim, stating the value of all the property, whereupon the officer takes an indemnifying bond, reciting the value according to the notice, the obligors in the bond are not estopped by such recital, but may show that the property taken was of less value.

4. A constable having sold mortgaged property under execution, and paid the proceeds to the mortgagee, it was erroneous to exclude evidence of such payment, for the defense, in an action by the mortgagee for damages resulting from the seizure and sale.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Slayback & Haeussler*, for appellants, cited: Lodge *v*. Laumel's Exr., 50 Mo. 204; State *v*. D'Oench, 31 Mo. 453; Reed *v*. Pelletier, 28 Mo. 173; State *v*. Tucker, 31 Mo. 445; Hopkins *v*. Sievert, 58 Mo. 201; Johnson *v*. Sullivan, 23 Mo. 414; Nury *v*. Merriman, 45 Mo. 500; Roustong *v*. Pacific R. R. Co., 45 Mo. 236; Young *v*. Kelly, 9 Mo. 50; Baker *v*. Stonebreaker, 36 Mo. 338.

*Gottschalks*, for respondent, cited: Wag. Stat. 1058, sec. 4; State *v*. Tasker, 31 Mo. 451; Meyers *v*. Chicago, Rock Island & Pacific R. R. Co., 59 Mo. 223; Prewitt *v*. Humes, 59 Mo. 325; Hayden *v*. Smith, 31 Mo. 569; Cason *v*. Murray, 15 Mo. 379; Burgert *v*. Borchert, 59 Mo. 80; Ensworth *v*. King, 50 Mo. 477.

Lewis, J., delivered the opinion of the court.

John Stamm executed a mortgage upon certain saloon fixtures and furniture, to secure payment of two promissory notes for $500 each, in favor of plaintiff's usee.   Defendants Nauert and Kalb afterwards sued out an attachment against Stamm for a debt of $30, under which they caused to be seized and sold part of the same property.   Plaintiff's usee made claim in accordance with the act of March 3, 1855, whereupon defendants gave the indemnifying bond, in the penal sum of $2,000, upon which this suit is founded. Plaintiff obtained judgment for $1,164.40.

The first instruction given for the plaintiff was as follows :

1. "The court instructs the jury that, to render the mortgage read in evidence void as to the creditors, the same must have been executed and received by virtue of a confederation and combination between Stamm and Bindbeutel for the purpose of hindering, delaying, and defrauding the creditors of said Stamm ; and if the jury believe from the evidence that no such combination or confederation existed between said Bindbeutel and said Stamm, but that said Bindbeutel took said mortgage with the view only of securing his own claim against said Stamm, and had the same properly recorded in the recorder's office of St. Louis county before the levy of the constable, then said mortgage is good against the creditors of said Stamm, so far as the question of fraudulent intent is concerned, provided the jury believe from the evidence that the debts secured by said mortgage are *bona fide* and owing."

This instruction was fatally wrong.   "Confederation and combination" were not required, under the law, to render the mortgage void as to creditors.   Two parties may coincide in intent, and yet neither combine nor confederate. The intent to hinder, delay, or defraud creditors was all that the defendant had to establish in order to defeat the plaintiff's claim.   *Burgert* v. *Borchert,* 59 Mo. 80.   Another

error, in itself conclusive against the instruction, appears in the use of the word " and " instead of " or " in the expression " hindering, delaying, and defrauding." The parties might have intended to hinder or delay Stamm's creditors, and yet not to defraud them. When the force of an instruction is controlled by a word different in meaning, as well as in form, from that used in the statute, the whole must fail before the statutory test. It is no answer to say that the instruction was " in direct response to the defendant's allegation that said mortgage was made for the purpose of hindering, delaying, *and* defrauding." The plaintiff's traverse of this allegation, using the same phraseology, simply contained a negative pregnant. That this was overlooked in the court below furnishes no excuse for reviving the effect of the vice in other parts of the record.

Respondent's counsel insist that " this instruction is a *verbatim* copy of one expressly approved by our Supreme Court," citing, *State, to use of Hayden,* v. *Smith,* 31 Mo. 569. The printed report of that case fails to sustain the assertion. The first instruction there given contains the expression " hinder and delay, *or* defraud," and the second, the words " hinder, defraud, *or* delay." Moreover, neither instruction is " expressly approved." The court merely finds them harmless, when taken in connection with certain other instructions given at the same time. The words " confederation and combination " appear, but no point was made on them. In *Burgert* v. *Borchert,* above cited, it was expressly decided that those words were inadmissible in that connection.

It is further contended, for respondent, that any objectionable features in the first instruction for plaintiff are corrected by some of those given for defendants. These last tell the jury, in effect, that they must find for the defendants if the mortgage was made with intent only to hinder and delay the creditors of Stamm. But if in one breath the jury are instructed that three things are requisite

to a certain end, and, in the next, that two only will suffice,. which rule must they obey? A contradiction between two instructions, so far from correcting the evils of either,. multiplies them in both.

As this case must be tried again, it may be well to note one or two points not directly controlling the present reversal.

The testimony was somewhat conflicting as to the value of the property taken and sold under the attachment. It seems to have distinctly appeared, however, that this was only a part of the property covered by the mortgage and the mortgagee's notice of his claim. The notice stated the value of the property at $1,000, and the constable, following this, exacted a bond of the defendants in the penal sum of $2,000, repeating the valuation declared in the notice. It would be a great injustice to hold the defendants to this recital as an admission of the value of the property sold,. especially if it be true that the recital covered more property than was so sold. And yet, taking all the testimony together, it seems impossible to escape the conclusion that the defendants were treated as estopped from denying that the property actually seized and sold was worth the sum mentioned in the bond. Three sworn appraisers fixed the valuation at $195, and the sales amounted to $209.15. Much testimony was given tending to show that a great deal of the property included in the mortgage was left undisturbed. It is true that an instruction limited the finding by the jury to the market value of the property when sold. But that availed nothing if the recital in the bond was taken as the defendants' admission, constituting conclusive evidence of that value. This point should be carefully guarded by a proper instruction.

The defendants offered to prove that certain proceeds of the constable's sales were paid over by him to the plaintiff's usee. It would seem that, in any aspect of the case, the damages recoverable should be reduced by that amount.

Yet the court excluded the testimony for a reason which does not appear. If this exclusion was because of the fact appearing that Bindbcutel paid off (with the money so received or otherwise) the judgment in the attachment suit, there was a fallacy somewhere. Bindbeutel was Stamm's surety on the appeal bond. In that capacity he was liable to pay the amount of the judgment independently of any relation to the mortgage or the levy and sale. He was bound to pay it in any event; and the receipt of money from the constable, which aided him in doing so, was in diminution of his damages suffered by the sale as much as if it had been applied to any personal purpose of his own. We are unable to perceive upon what tenable ground the testimony was excluded.

We find no error in the refusal of instructions asked for by defendants. All the principles correctly presented thus were substantially embodied in instructions which were given at their instance. These, however, defendants' counsel have inadvertently omitted to mention in what is submitted, apparently, as a fair statement of the case.

The judgment is reversed and the cause remanded. All the judges concur.