## STINSON *v.* HAWKINS.[*]

*(Circuit Court, E. D. Missouri. October 30, 1882.)*

1. EVIDENCE—SHERIFF'S RETURN.

    Where A. brings suit against B. by attachment and the sheriff executing the writ seizes property belonging to C., the sheriff's return is conclusive as to the fact of seizure and the articles seized, in a suit by C. against A. for damages.

2. FRAUD—CONVEYANCES TO HINDER AND DELAY CREDITORS.

    A mortgage executed to hinder and delay the mortgageors' creditors is void as to such creditors, even when for full value, if the mortgagee is aware of the fraudulent intent.

[*]Reported by B. F. Rex, Esq., of the St. Louis bar.

*Motion for a New Trial.*

The plaintiff in his petition states that the defendant, on or about August 23, 1880, wrongfully, without leave, and with force and arms, attached, levied upon, seized, and took away certain personal property therein described, belonging to the plaintiff, all of the value of $4,000, and converted and disposed of the same to his, the defendant's, own use; for which he asked damages. The defendant, in his answer, states that at or about the date mentioned in the petition he began a suit by attachment against one George King, in the circuit court of the county in which said property was situated; that the attachment was executed by the sheriff of said county, by seizing and taking into his possession the property mentioned in said petition; that thereupon the plaintiff in this suit filed an interplea in said attachment suit, claiming that said property belonged to him by virtue and force of a certain mortgage from said King to him, to which interplea the defendant herein filed a denial; that said cause was thereupon removed to this court at the instance of plaintiff, so far as it involved the issues upon said interplea; that at the trial of the cause in the state court the case turned upon the question of whether or not the mortgage under which the plaintiff claims was given to hinder and delay creditors, and that the verdict and judgment was for the plaintiff therein; that the branch of said cause removed to this court was thereafter remanded to the state court, and plaintiff's interplea was then dismissed by him; wherefore defendant claims plaintiff is estopped from reasserting title to said property under said mortgage.

TREAT, D. J., *(charging jury.)* The propositions for you to consider are very few. It is admitted, or not controverted to any extent, that the mortgage in question was executed as it is said to have been, and that there was a seizure and levy under attachment of certain property described in the mortgage, and set out or claimed in the plaintiff's petition. If you find for the plaintiff, in estimating his damages you will have to ascertain the value of the property seized, and, so far as the growing corn is concerned, its value as it then was, looking over all the testimony that has been presented to enable you to ascertain what the real value of that corn was at the time. You are permitted, if you find for the plaintiff in this case, after you have ascertained that sum, too add interest thereto from the date of the seizure to the present time at the rate of 6 per cent. per annum.

But the main proposition involving the right of the plaintiff to recover depends upon this inquiry: Was this a *bona fide* mortgage; that

is, made in good faith, to secure a sum due to this plaintiff from Mr. King? Under the law of Missouri a debtor can sell or mortgage his property to any one between whom and himself there are transactions justifying the act; in other words, he may prefer one creditor in that way and leave his other creditors unsecured. So far as the testimony that has been offered to you is concerned, you must remember, gentlemen, that you are the sole judge of the weight to be given to it; that is your exclusive province; as it is also your exclusive province to determine the facts in the light of the testimony offered. Fraud is not to be presumed; it has to be proved; and it remains for you to determine whether the testimony offered by the defendant in this case has satisfied you that this was a fraudulent mortgage. In the eye of the law a mortgage given to secure a pretended debt—a debt not existing, whereby other creditors of the party giving the mortgage are hindered and delayed—is necessarily fraudulent.

The question, then, narrows itself down to this inquiry: Did Mr. King honestly owe Mr. Stinson, the plaintiff, the sum of money represented by the mortgage, or anything near that? In other words, it is not for the jury carefully to compute the amount within a few dollars or cents. If the parties had an accounting between themselves, and a lawful rate of interest was allowed, the debtor had a right to allow that rate of interest. But did Mr. King owe this sum of money represented by the large note, even including interest? or was that note made up of sums largely in excess of what actually is due from Mr. King to Mr. Stinson? If it was made up of sums largely in excess of the debt due—or, in other words, if it was given for an amount largely in excess of what actually was due,—the mortgage is, in law, fraudulent and void. Gentlemen, take the case.

The jury found a verdict for the plaintiff in the sum of $900, with interest from August 23, 1880.

The defendant moved the court to set aside the verdict and grant a new trial, because, among other reasons, the verdict of the jury was contrary to the weight of evidence, because the court admitted improper testimony, and because the court gave the jury erroneous instructions.

*David Murphy*, for plaintiff.

*Vallaint & Thoroughman*, for defendant.

TREAT, D. J. The first point presented is as to the conclusiveness of the sheriff's return against this defendant, who was plaintiff in the attachment suit. That suit was instituted by this defendant against

King, and the return states what property was seized thereunder. The defendant's counsel in this case urged that it was only *prima facie* and not conclusive; and that, as this court on the trial held otherwise, error was committed. Authorities are cited for defendant: 59 Mo. 80; Crocker, Sheriffs, § 45. The foot-notes to Crocker refer to several cases, and more especially to 2 Cow. & H. Notes, 795 *et seq.*; to Phil. Ev.,—in which all the cases therein decided are briefly stated.

Without reviewing the many cases in which defendant, on the relation of parties to the controversy, claims that the official return is to be considered *prima facie* or conclusive, this court can find no well-considered case, nor can it find any sound reason, for other than the ruling made at the trial, viz.: That, as between the parties to this suit, the sheriff's return was conclusive against this defendant as to the fact of seizure and articles seized. True, the plaintiff was not a party to the attachment suit, and was not concluded by what was done therein, but the defendant was a party thereto, and the moving party. He caused the seizure, obtained the judgment, and reaped the fruits thereof. The suit now before this court is one in which the plaintiff alleges that the property seized and sold under judicial process in that attachment case against King, at the instance of this defendant, who was plaintiff in that attachment case, was not King's property, but the plaintiff's. The judicial record in the attachment case shows what was done adverse to the alleged rights of Stinson, for which Hawkins is liable. Hawkins was not only the moving party in that case, but through judicial sale, as the record discloses, received the benefits thereof. Can he dispute the record to which he was a party in this collateral proceeding? True, the plaintiff here, not being a party thereto, would not be concluded thereby, but the defendant is. Hence, no error is found as to that point.

The second ground of error is that the court's charge was too narrow, and must have misled the jury. As to this, the defendant is correct, in the light of decisions quoted. A sale of property, even for full value, in order to hinder or delay creditors, both vendor and vendee knowing the fraudulent purpose, cannot be upheld. Does a different rule obtain when a mortgage is given, especially for an antecedent debt, and particularly one of long standing? The circumstances of this case called for fuller instructions than were given; but as the line of evidence and the special contention was, by defendant, that plaintiff's mortgage was largely in excess of any sum justly his due from King, and that the jury should so find, the court

pointed the inquiry sharply in that direction, and other elements were omitted.

As the case will again have to go to a jury, it is not proper to analyze or discuss the testimony. A party giving and a party receiving a preference can ordinarily uphold the transaction; but the *good faith* thereof is still open to investigation. Was the alleged preference merely to secure a valid, subsisting demand, and made in good faith, or was it given, not to secure the mortgagee, but to cover up the mortgageor's property, so that honest creditors could not reach the same, and the mortgageor practically or actually remain in the possession and enjoyment thereof? In other words, was the mortgage given for a fraudulent purpose, and assailable for fraud, despite the alleged consideration?

The motion for a new trial is sustained.