ELIZA E. SMARR, Appellant, *v.* PETER SCHNITTER AND WIL-
LIAM STEVENS, Respondents.

*Securities—Discharge—Note.*—A contract between the holder of a note and the principal debtor, whereby the time of payment is extended, operates as a release of the surety whenever it can be shown that the contract is founded upon a good and valid consideration. A deed of trust upon land given by the principal debtor in a note after its maturity, providing that no sale of the land should be made to enforce the security until the expiration of eighteen months from the date of the deed, operates as a contract to extend the time of payment.

*Appeal from Hannibal Court of Common Pleas.*

Plaintiff sued defendants upon a note executed by Schnitter, Stevens, and one McMaster, the two latter being securities, dated July 12, 1856, and payable in twelve months. Schnitter made default, Stevens pleaded a discharge by an extension of time of payment, &c. At the trial testimony was given to prove an agreement, to extend the time of payment, made between plaintiff and Schnitter without the consent or knowledge of Stevens. The deed of trust given by Schnitter was also given in evidence; its terms are sufficiently stated in the opinion.

The plaintiff prayed the following instructions:

1. Unless the jury believe from the deed read in evidence that an extension of time was given to Peter Schnitter on said note, and they further find from the evidence that said Schnitter was the principal in said note and defendant merely security in said note, they will find for plaintiff.

2. The jury are instructed that the contract between the plaintiff and Peter Schnitter being reduced to writing in the deed of trust, they will look to said deed of trust alone for the evidence of the contract between said parties; and any conversations or propositions prior to the execution of said deed of trust are not to be regarded by the jury in making their verdict.

3. If the jury believe from the evidence that the plaintiff took a deed of trust from Peter Schnitter to secure the note

sued on, after said note was given and fell due, without the knowledge or consent of the defendant Stevens; and they further believe from the evidence that said Schnitter was the principal and said Stevens was the security in said note, they will find for the plaintiff, unless they further believe from the evidence that by taking said deed of trust the plaintiff changed, altered or modified the original contract, and thereby the plaintiff deprived himself of her right to sue on the note in controversy.

4. The jury are instructed that the taking of the deed of trust in evidence from said Schnitter to J. L. Robards is only an additional security, and there is no extension of time therein given to said Schnitter.

5. That though the jury find that after the maturity of said note the said principal Schnitter gave the plaintiff a deed of trust on real estate merely as collateral security, the proceeds of which real estate were to be applied in satisfaction of said note, such an arrangement so made does not discharge the security Stevens, nor affect his liability on the said note.

6. That the deed of trust by its terms did not give any further credit to said Schnitter on said note, nor did it extinguish or suspend the right of Mrs. Smarr, the plaintiff, to sue said principal; nor did it operate to release said Stevens, his security.

All which the court refused.

The defendant then asked the court to instruct the jury as follows:

1. If the jury find from the evidence in this cause that the note sued on and read in evidence was executed by Peter Schnitter as the principal and William Stevens as the security for said Schnitter, and that Eliza E. Smarr, the payee in said note, and the holder of it, after the execution of said note, without the consent of said security William Stevens, and for the consideration of obtaining from said Schnitter additional security for said amount of said note, did agree

with the said Schnitter in consideration that he would execute to her, as additional security for said debt, a deed of trust on land; and that said Schnitter did execute said deed of trust and delivered the same to said Smarr, and said Smarr agreed to give and did give the said Schnitter eighteen months' longer time in which to pay said debt, then the verdict should be for defendant.

The court gave the instruction, to which the plaintiff excepted. There was a verdict for the defendant.

*Dryden* and *Lindley*, for appellant.

The legal effect and operation of a deed put in evidence is a question for the court and not for the jury. It cannot fairly be pretended that the deed from Schnitter to Robards had the legal effect of giving Schnitter time for the payment of the note sued on, or of suspending the plaintiff's right to sue and recover thereon; and it was the duty of the Common Pleas, when asked by the plaintiff (as it was in the sixth instruction, refused), to tell the jury that said deed did not by its terms give time or suspend the right of action. The plaintiff had the right to the opinion of the court on this question, and its direction upon the point was essential to a legal and just determination of the issue by the jury. The jury left uninstructed on the point, taking up the deed and finding it recited in the condition of it, that if the grantor should within a future time limited pay the debt thereby secured, the deed should be void, would almost certainly say, this is an agreement to postpone the payment of the debt, when in law the recital has no such effect; that it does not postpone the remedy by action on the note, but prescribes the time for the special remedy by sale of the trust property.

The parol evidence in the case was conflicting—preponderating, as we think, largely for the plaintiff; and the jury being left to make such use of the deed as they thought fit in making up their finding, the defendants were suffered to get an improper advantage.

*E. B. Ewing*, for respondents.

The evidence shows a valid agreement between the payee and the principal (Schnitter) to give further time; and the new security taken (deed of trust) in express terms postpones the remedy. This discharges Stevens, the surety— Globe Ins. Co. v. Corwin, 31 Mo. 223; 27 Mo. 505; Bank of Utica v. Ives, 17 Wend. 503; Edw. Prom. N. 533-6.

FAGG, Judge, delivered the opinion of the court.

The bill of exceptions shows that several points were raised upon the trial of this cause in the court below, but the one which seems to be relied upon chiefly in the brief of the counsel for the appellant is the fact that the court erred both in the giving and refusing of instructions. To understand the force of what is urged as the ground for reversing the judgment in this case, it is only necessary to state in general terms the matter in controversy between the parties to the suit.

It was an action upon a promissory note executed by the respondents together with one McMaster. There was judgment by default against Schnitter, no appearance being entered for him; but his co-defendant Stevens filed his answer admitting the execution of the note, but setting up as matter of defence that in the transaction he only sustained the relation of surety to Schnitter; that the appellant, without his knowledge or consent, had made a valid agreement with his co-defendant by which the time of payment of the note sued upon was extended, and as a consideration therefor a deed of trust upon certain real estate was executed by Schnitter and wife, and accepted by the appellant. As preliminary to the consideration of the principal question involved, it is sufficient to remark in general terms, that a contract between the holder and principal of a note, whereby the time of payment is extended, operates as a release of the surety whenever it can be shown that such a contract is based upon a good and valid consideration. This point is so well settled now that it need not be supported by argu-

ment nor by the citation of authorities. Now it is contended here that this question was not fairly presented to the jury. The appellant claims that the legal effect and operation of the deed ought to have been declared by the court, and that the sixth instruction, which was refused, would have placed that matter properly before the jury. It reads as follows: " 6. That the deed of trust by its terms did not give any further credit to said Schnitter in said note, nor did it extinguish or suspend the right of Mrs. Smarr, the plaintiff, to sue said principal ; nor did it operate to release said Stevens, his security." There can scarcely be any question after looking at the deed itself, and the evidence in the cause, about the impropriety of giving such an instruction. It gave an improper construction to the deed, and thereupon declared that the right of plaintiff to sue the principal was neither extinguished nor suspended, and that the security was not released.

It is shown by the evidence that the deed mentioned in this instruction was given by Schnitter and wife to the appellant on the 30th day of August, 1862, to secure the payment of the promissory note referred to, bearing date July 12, 1856, and payable twelve months after date ;—that the parties last named, together with Robards the trustee, were the only persons privy to the transaction ; that the deed contained a covenant between the parties thereto, that it should not "in any way conflict with a judgment sought to be had on said note in the Hannibal Probate Court against the estate of J. K. K. McMaster, except that no sale shall be forced on said estate and judgment until after the expiration of eighteen months from the date of this deed." It was further stipulated in the deed, that if the parties to the note should within the time limited in the deed, i. e. within the eighteen months, pay off the whole amount of the debt, it was to be null and void; otherwise to remain in full force. It is very clear that this was an extension of the time of payment, and although it was not so stated in direct terms in the instruction given at the instance of the respondent Stevens, yet that

seems to have been assumed as the correct interpretation of the deed, and the law was correctly declared.

The other judges concurring, the judgment of the court below will be affirmed.