JANE BURRUS, Executrix, etc., Respondent, v. G. M. DAVIS et al., Appellants.

Kansas City Court of Appeals, June 15, 1896.

1. **Principal and Surety**: SIGNING NOTE: AFTER DELIVERY: CONSIDERATION. J. signed a note as surety for the maker. After due J. refused to stand longer. Thereupon the maker, the payee, and W. agreed that W. would take J.'s place and W. then signed the note and J.'s name was erased. *Held*, there was sufficient consideration to bind W.

2. ———: EXTENSION OF TIME: CONSIDERATION. An extension of time to release a surety must be on valuable consideration and for a definite period.

3. **Trial Practice**: ORDER OF PROOF: HARMLESS ERROR. After the evidence was in, the court took the case under advisement for some days and then made a finding, after which the plaintiff offered her letters of administration. *Held*, if error, it was nonprejudicial.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*John A. Sea* for appellants.

(1) This case is clearly within the doctrine of *McMahan v. Geiger*, 73 Mo. 145, that one who signs

a note after it has been delivered and after the consideration has passed between the original parties incurs no liability thereon.    Approved in *County of Montgomery v. Auchley*, 92 Mo. 130.    (2) If surety, defendant is a favorite of the law and entitled to technical defenses.    *Brewing Co. v. Hazen*, 55 Mo. App. 277. The note became, under the new contract, payable on demand.    *Armstrong v. Armstrong*, 36 Mo. 225; *Davis v. Francisco*, 11 Mo. 572; *Bank v. Hunt*, 25 Mo. App. 170; Daniel on Neg. Inst. [3 Ed.], sec. 599.    (3) And demand and presentation should have been in reasonable time so that guarantor might have saved himself from loss.    Brandt on Sur. and Guar. [2 Ed.], sec. 197; *Singer v. Dickneite*, 51 Mo. App. 245; Daniel on Neg. Inst. [3 Ed.], sec. 606.    Three years was not a reasonable time.    51 Mo. App., *supra*.    (4) Evidence shows note was extended three separate times to guarantor's hazard.    *Reynolds v. Bernhart*, 36 Ill. App. 218.    (5) The admission of evidence after judgment had been rendered was error.

*J. G. Paxton* and *John D. Strother* for respondent.

(1) The consideration in this case is the detriment to Burrus in his releasing Jones upon defendant agreeing to take the place of Jones on the note.    It is always the detriment to the promisee, not the benefit of the promisor, that makes the consideration in case of accommodation paper.    The case of *McMahan v. Geiger*, 73 Mo. 145, is clearly distinguishable from the case at bar.    *Peck v. Harris*, 57 Mo. App. 467; *Leonard v. Vrendenburg*, 8 Johnson, 29.    (2) There is no evidence whatever of an extension of this note for a valuable consideration.    The only testimony on this point is that of the maker of the note.    "The note was extended by Mr. Burrus each year when I paid the

interest, always for one year.'' The payment of interest was no consideration for an extension. *Aultman-Taylor Co. v. Smith*, 52 Mo. App. 351. (3) The admission of plaintiff's letters of administration on the day on which judgment was rendered was not error. *State v. Murphy*, 118 Mo. 7; *Jackson v. Railroad*, 56 Mo. App. 440. If error, it was immaterial and nonprejudicial, and the statute forbids the reversal of a judgment on account of such errors. *Singer v. Dickneite*, 51 Mo. App. 245.

GILL, J.—This is a suit on a promissory note for $100 dated at Blue Springs, Missouri, September 1, 1888, due eight months after date, payable to the order of J. M. Burrus, and originally signed by G. M. Davis and one W. H. Jones. As shown by credits on the note, Davis, the principal, paid the interest yearly to September 1, 1892. When the note matured, Jones refused to stand longer as security; and as Davis desired to continue the loan, he applied to Burrus for leave to retain the money by substituting another surety. Burrus consented and it was thereupon agreed between Davis, Burrus, and Walker that the latter should be taken as security in place of Jones, who was to be discharged. In place, then, of making out a new note, the parties concluded to, and did, retain the old paper; struck out the name of Jones by running a pen through it; Walker wrote his name at the bottom of the note; and in that condition it was left with Burrus. This was all done while the three parties—Davis, Burrus, and Walker—were together, and with the express understanding that the loan was permitted to continue on the assumption that Jones was discharged as security and Walker taken in his stead. After paying a few years' interest, Davis left the state, leaving the note unpaid. Burrus, the payee, died, and his execu-

trix brought this action, which, on a trial by the court, without the aid of a jury, resulted in a finding and judgment for plaintiff, and defendant appealed.

There is no merit in the defense to this action, and the judgment below, which was for the plaintiff, must be affirmed. The learned counsel for defendant seems to rely on the rule announced in *McMahan v. Geiger*, 73 Mo. 145, to the effect that where one signs a note after delivery, and after the consideration between the original parties had passed, the obligation, as to said subsequent signer, is a mere *nudum pactum* and can not be enforced. And this is unquestionably the correct doctrine. It has for its support the well known principle of the law of contracts that, to make a binding promise, there must exist at the time a good or valuable consideration therefor. But the facts in this case differ materially from those of the *McMahan* case, above cited; and the difference is sufficient, too, to take it out of the operation of the legal principle there enforced. In that case O'Day loaned a sum of money to Creighton, on the faith of a note executed by Creighton and McMahan. Two months thereafter Geiger, without any consideration whatever, voluntarily added his signature to the instrument. It was there held that Geiger was not legally bound on the note, because when he signed, the consideration had already passed, and there was no new consideration present at the time he affixed his signature. But in the case in hand there *was* a new consideration present at the time and which prompted Walker to sign the note. Jones, the former surety, was asking to be released from the Davis note; he declined to let the matter continue in its then present shape, and as Davis wished to retain the money longer, it was agreed that Jones should be discharged and Walker would assume the obligation as Davis' security in his, Jones', place.

This was ample consideration to support the new promise made by Walker. It was, in effect, the entering into a new contract, a new engagement, by Davis and Walker, for and in consideration of the satisfaction of the old one. In substance, the case stands the same as if a new note had been written up and signed by Davis and Walker and the old one taken up and destroyed.

On this state of facts, then, Walker's liability became fixed by the terms of the note—that is, to pay the amount of money therein named, if Davis, his principal, did not. He became an original promisor and debtor to Burrus, and was bound to know every default of his principal. 1 Brandt on Sur. & Guar. [2 Ed.], sec. 1. Nor was he entitled to notice of Davis' delinquency. *Barker v. Scudder*, 56 Mo. 272.

It is further claimed that even admitting that Walker became surety on the note, he was discharged by reason of an extension of time in the payment thereof. This contention is sufficiently answered by quoting from Judge SMITH in the case of *Aultman & Taylor Co. v. Smith* (52 Mo. App. 357): "There is no rule of law more firmly settled in this state than that, where the surety claims to have been discharged, by reason of an agreement between the creditor and principal debtor, extending the time of payment, it must appear that the agreement was upon a valuable consideration and that the extension was for a definite period of time." Mere indulgence which the creditor may extend to the principal debtor will not discharge the surety; it must appear that the creditor has so bound himself in an agreement with the principal debtor that he can not, for a definite time, enforce the payment of the note. There is no evidence here even tending to prove any such extension of time. Davis seems to have paid the interest on the note from year

to year, and that is all. There was, according to the testimony, no period of time during the running of the note, when Burrus, the payee, was barred from enforcing its payment.

It seems that on the day the evidence was taken, the plaintiff failed to make formal proof of her appointment and qualification as executrix of her husband's estate. The court took the case under advisement, and on a subsequent day, when the judgment was announced, plaintiff's counsel offered the letters of administration and the court, over defendant's objection, admitted them. Defendant's counsel has presented this as an error calling for a reversal. It is claimed that the offer came too late—that the evidence had long since been closed. Even conceding that it was error to receive the evidence complained of, because out of time, it was clearly not prejudicial error, or such as would warrant a reversal. If the defendant was prejudiced by the introduction of the letters at so late a date, then he should be able to point out the harmful nature of the error. In the absence of such showing, we assume that no injustice was done by the court's ruling. Judgment affirmed. All concur.