CHARLES RYAN, Appellant, v. JOHN N. KRUSOR, Respondent.

Kansas City Court of Appeals, November 7, 1898.

1. **Principal and Surety:** SURETY'S PAYMENT BY NOTE: CONTRIBUTION OF CO-SURETY. If two sureties are bound for a debt and one of them pays by giving his own note therefor, which is accepted as payment, the surety so paying may at once sue his co-surety for contribution; and the more so, if he has paid the note so given.

2. ———: ———: ———. Where an insolvent principal and one of several sureties execute their note instead of a former one, the surety upon such new note will not be entitled to contribution from the other sureties upon the old note for which the new one was executed.

3. ———: ———: ———: EVIDENCE FOR THE JURY: NUDUM PACTUM. On the evidence in this case it should have been submitted to the jury on both the above theories, but where one signs a note after delivery and after the consideration between the original parties had passed, the obligation as to such subsequent signor is a mere *nudum pactum* and can not be enforced.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

JOHN KENNISH and G. W. MURPHY, for appellant.

(1)   Chas. Ryan had a right to pay the note when due without suit, and the fact of such payment established in his favor a claim against John N. Krusor for contribution which could be enforced. Ross v. Memefee, 125 Ind. 432; White v. Miller, 47 Ind. 385. (2)   When the surety pays the debt by giving his own note therefor which is accepted by the creditor as a, payment of the debt, the surety can sue (without waiting for the second note to mature). 24 Am. and Eng. Ency. of Law, 778; Herne v. Keith, 65 Mo. 85. (3) The payment of the note given in 1894 by Ryan giving his note therefor was a payment in law and entitled Chas. Ryan to contribution from Krusor, and the fact that George W. Ryan afterwards signed the note given by Chas. Ryan in 1895, does not defeat the right of Chas. Ryan to contribution. Jackson v. Cooper, 39 S. W. Rep. 39; Burrus v. Davis, 67 Mo. App. 210; State v. Scott, 104 Mo. 26; McMahan v. Geiger, 73 Mo. 145.

JOHN W. STOKES for respondent.

The question is, can George Ryan being the payor and principal in the note, join with Charles Ryan, one

of his securities, in the execution of a note to be given in lieu of the note that was given by George Ryan, as principal, and Charles Ryan and John N. Krusor as securities; would that be such payment by Charles Ryan as would entitle him to contribution from John N. Krusor. We think not and appellant fails to cite any authority.

GILL, J. This is a suit brought by one of two co-sureties for contribution. At the close of the evidence the court gave a peremptory instruction for defendant, and from a judgment following this direction plaintiff has appealed.

The question then is whether or not there was substantial evidence upon which plaintiff was entitled to have the case submitted to the determination of the jury. The evidence tended to prove about this state of facts: On September 1, 1894, George Ryan (who is a son of the plaintiff and a son-in-law of defendant) for money borrowed of Heaton, a banker at Craig, Missouri, gave his note to said Heaton for $1,000 due one year after date, with plaintiff and defendant as sureties. When the note matured, and the principal being insolvent and failing to pay, plaintiff Charles Ryan, one of the sureties, agreed with Heaton, the payee and holder, to execute his (plaintiff's) individual note for the $1,000, due two hundred and ten days after date, and thereby take up and pay off the original note. On the seventh day of September, 1895, plaintiff went to Heaton's bank, executed his individual note as agreed and took up the original note which was then and there marked paid. In due season plaintiff paid this last note and defendant refusing to stand his half of the loss this suit was brought. From the testimony given by plaintiff at the trial, it seems that within a day or two and very

shortly after plaintiff had given his individual note to
Heaton in settlement of the first note, the latter called
George Ryan into the bank and had him likewise sign
this last note, so that when it was produced in evidence
at the trial said last note had the signatures of both
Charles and George Ryan.   In reply to the question as
to whether or not George Ryan's name was placed on
this new note according to an understanding had with
Heaton the payee, plaintiff testified that he thought
not—that by agreement with Heaton he, plaintiff,
simply paid off the original note then past due by
delivering his individual note in its stead, that he gave
the one and took up and canceled the other.

In Brandt on Suretyship [2 Ed.], vol. 1, sec. 285,
the rule is well stated:   "If two co-sureties are bound
for a debt, and one of them pays it by
giving his own note for it, which is
accepted by the creditor as payment, the
surety thus paying may at once, and
before paying the note so given as payment, sue his
co-surety for contribution, the same as if he had paid
the debt in money."

PRINCIPAL and surety: surety's payment by note: contribution of co-surety.

The case in hand belongs to a class even stronger
for the plaintiff than those covered by the above quo-
tation.   For not only does the evidence tend to prove
that the plaintiff gave his individual note, and that the
same was accepted by the creditor in actual payment
and satisfaction of the original note, but more than
this the evidence shows that plaintiff subsequently, but
prior to the institution of this action, paid said individ-
ual note.   Plaintiff was entitled to have this case go to
the jury on the theory, which his evidence tended to
establish, that he, as a co-surety of the defendant, paid
off the debt for which they were jointly responsible
by giving his individual note therefor.   If the plaintiff
did so pay the joint obligation then clearly he was

entitled to recover the one half thereof from defendant, his co-surety. Smith v. Mason, 44 Neb. 610, and authorities cited. Bell v. Boyd, 76 Tex. 133.

If however the original note was not paid off by the execution and delivery of plaintiff's individual note, but that by agreement with Heaton, the payee, plaintiff and George Ryan the insolvent principal, made and delivered their joint note in payment of the original obligation, then plain-. tiff has no legal claim against defendant for contribution. In such case plaintiff can not be treated as discharging the first note by giving his own individual note. In that case the form of contract is merely changed—the principal in the old note remaining primarily liable while the plaintiff would in fact be surety. The case above cited from Texas was one of the characters just alluded to. It was there held, that "where an insolvent principal and one of several sureties executed their note instead of a former note, the surety upon such new note would not be entitled to contribution from the other sureties upon the old note for which the new note was executed."

The evidence shown in the record before us justified a submission to the jury on both of the aforesaid theories—to wit, did the plaintiff pay off the original note by giving Heaton, the holder, his (plaintiff's) individual note, or was the transaction the mere execution of a new note by George and Charles Ryan and so understood by the parties at the time? If the individual note of Charles Ryan was, by agreement with Heaton taken as payment for the old note with no arrangement or understanding that the new note was to be signed by George Ryan, then the signing thereafter by the latter would accomplish nothing, would have no consideration to support it and the instrument as to

said George Ryan must be treated as a nullity. The rule is well settled, that where one signs a note after delivery and after the consideration between the original parties had passed, the obligation as to such subsequent signer is a mere *nudum pactum* and can not be enforced. McMahan v. Geiger, 73 Mo. 145; Burrus v. Davis, 67 Mo. App. 210.

The judgment must be reversed and cause remanded for a new trial. All concur.