DAVID B. CUMMINGS, Respondent v. BADGER
LUMBER COMPANY et al., Appellants.

Kansas City Court of Appeals, April 6, 1908.

1. CHATTEL MORTGAGE: Bill of Sale: Record. A bill of sale
given to secure a debt is a chattel mortgage, and not being re-
corded and possession of property not being taken, it is void as
to creditors and purchasers under the statute.

2. ———: ———: Extension of Time: Bringing Suit. Where a
chattel mortgage is given in order to extend time of payment
of a debt "to the fall or when you gather your crops" is an ex-
tension for a definite period, and if upon a valuable considera-
tion, is binding, and a mortgagee cannot take possession prior
to such time.

3. ———: Creditors: Sale: Accounting. A chattel mortgage void
as to creditors may nevertheless be valid as between the par-
ties, and the sale of mortgaged property by the mortgagor is a
violation of the rights of the mortgagee; and the mortgagee is
entitled to an accounting and judgment for the amount of his
debt.

4. ———: Replevin: Sureties: Judgment. Where the defendant
recovers in replevin he is not entitled to judgment against the
sureties on the replevin bond unless a return of the property is
adjudged, and no equities arising in the case can enlarge the
liabilities of the sureties.

5. ———: ———: Detention: Damages. Where a mortgagee
takes possession of the property he is to account for the rent
received; but where there is no rent and the evidence is too in-
definite to form a basis for the damages, there is lack of proof
and no damage should be assessed.

Appeal from Jackson Circuit Court.—*Hon. Henry L.
McCune,* Judge.

REVERSED AND REMANDED (*with directions*).

*Botsford, Deatherage & Young,* for appellants, filed
argument.

*Meservey & German* and *Cameron L. Orr* for respondent.

(1)   Where there is no agreement to the contrary, the mortgagee is entitled to the possession of the property on the execution of the mortgage; but where there is an agreement that possession shall remain with the mortgagor until certain conditions are broken, such agreement must control and the right of possession will not accrue until one or more of these shall be broken. Drug Co. v. Self, 77 Mo. App. 284; Kerbs v. Zumwalt, 86 Mo. App. 133; Burke v. Metcalf, 29 Mo. App. 391.   (2) Until a mortgagor loses his right to possession under the terms of the mortgage, he has a right of action against the mortgagee for disturbing his possession, and can maintain replevin against the mortgagee, who has taken possession of the mortgaged goods, before condition broken.   Jones v. Smith, 123 Ind. 585; 24 N. E. 368; Niven v. Burke, 82 Ind. 455; Brashier v. Tolleth, 31 Neb. 622, 48 N. W. 398; Newsam v. Finch, 25 Barb. (N. Y.) 175; Jones v. Ennis, 47 Kan. 487; 28 Pac. 156; Cobbey on Chattel Mtg., sec. 180; Ennis v. Snell, 143 Mass. 165; 82 Ind. 455; Edwin v. Jacobson, 47 Ill. App. 93; Moffit v. Shields, 67 Mich. 610; Wells v. Bannister, 36 Vt. 225; 24 Am. & Eng. Enc. Law, p. 488. (3)   Where the mortgage instrument contains no power of sale, and no conditions whereby the mortgagee may take possession, the mortgagee cannot take possession and sell the mortgaged property.   He must proceed in equity to foreclose his security.   R. S. 1899, sec. 4342; Davis v. Childers, 45 S. C. 133, 22 N. E. 784, 55 Am. St. 757; McCormick v. Hartley, 107 Ind. 248, 6 N. E. 357; Pope v. Jenkins, 30 Mo. 528; Book v. Beasly, 138 Mo. 460; Reilly v. Cullen, 101 Mo. App. 32; Cowles v. Marble, 37 Mich. 158.   (4) The conditions of a chattel mortgage or deed of trust are solely creatures of contract, and in the absence of conditions in a chattel mortgage or deed of trust giving the mortgagee right to take possession, the mortgagee can

only foreclose his lien under the statute. He cannot seize the property and sell to satisfy his lien, nor can he take any action save and except such as given him under the terms of his mortgage. R. S. 1899, sec. 4342; Book v. Beasly, 138 Mo. 460; Kerbs v. Zumwalt, 86 Mo. App. 133; Davis v. Childers, 45 S. C. 133, 22 S. E. 784, 55 Am. St. 757; McCormick v. Hartley, 107 Ind. 248, 6 N. E. 357; Stewart v. Brown, 112 Mo. 175; Schone- werk v. Hebrecht, 117 Mo. 26; Kelsey v. Bank, 166 Mo. 171; Reilly v. Cullen, 101 Mo. App. 32; Cowles v. Mar- ble, 37 Mich. 158; Kerbs v. Zumwalt, 86 Mo. App. 128; Pope v. Jenkins, 30 Mo. 528; Lipscomb v. Insurance Co., 138 Mo. 24; Hannah v. Davis, 112 Mo. 608. (5) There was an extension of time to a definite period for the payment of this indebtedness. Feller v. McKillip, 109 Mo. App. 61; Weltner v. Riggs, 3 W. Va. 445. (6) The damages allowed plaintiff by the referee and trial court, amounting to $173 are grossly inadequate. The measure of damages for the unlawful taking and de- tention of personal property is the value of the use of such property during the time it was so held. Anchor Milling Co. v. Walsh, 24 Mo. App. 97; Jennings v. Spark- man, 48 Mo. App. 252; Baird v. Taylor, 30 Mo. App. 582; Ladd v. Brewer, 17 Kan. 204; Bell v. Campbell, 17 Kan. 211; Yandle v. Kingsbury, 17 Kan. 195; Williams v. Wood, 63 N. W. 492; Logan v. Railroad, 96 Mo. App. 461; Wells on Replevin, sec. 579; Borksdale v. Apple- berry, 23 Mo. 392; Wells on Replevin, page 329; Rose v. Pearson, 41 Ala. 692; Feagan v. Pearson, 42 Ala. 335.

BROADDUS, P. J.—This is a suit in replevin brought by plaintiff for the possession of a certain plan- ing mill, attachments and contents, the said planing mill not being a part of any real estate. The allegations of the petition are that plaintiff is entitled to the pos- session of the property described and that the same was wrongfully taken by the defendants. Plaintiff executed

the necessary bond and obtained under his writ possession of the property.

The answer of defendants is a general denial; and further that in February, 1905, prior to the institution of the suit, which was begun on July 28, 1905, the plaintiff was indebted to defendants in the sum of $630.44, at which time, he to secure said indebtedness executed to defendant E. G. Brown for all the defendants, a bill of sale to said property; that said bill of sale was made by the plaintiff and accepted by defendants for the purpose of securing defendants for said indebtedness against plaintiff. The contract which is attached to the petition in terms amounts to an unconditional sale without any clause of defeasance, or any provision that in case of default in the payment of the debt defendants were authorized to take possession of the property.

The plaintiff set up several defenses to said answer, but abandoned all except his general denial. There was an itemized statement of the plaintiff's indebtedness to defendants filed containing more than one hundred items. The court of its own motion referred the case to Franklin Houston a member of the Jackson County Bar. His statement of the evidence and finding covers several hundred pages of the abstract of record.

The referee proceeded to hear the evidence offered by the parties and made report of his proceeding and findings. The referee reported that both parties to the suit by their counsel admitted that the bill of sale although absolute in its terms was given and received as a security, and should be so treated as far as its terms and the parol agreement had at the time permitted as a chattel mortgage given to Brown as manager of the Westport Lumber Company. It was also admitted that plaintiff remained in possession of the property until February 11, 1905, at which time he was adjudged incapable of managing his business and was sent to an

asylum where he remained until February 25th when he was discharged and returned to Kansas City.

The referee finds that the assigned accounts of Ward and Riggs to the defendant in the sum of $75.15, was no part of the original indebtedness and therefore disallows it. He gives the defendants full credit for the original indebtedness for which the bill of sale was made to secure and credit plaintiff for certain items for mill work and shingles, and for an order on the Standard Scale Company leaving a balance due defendants in the sum of $529.74. Subject however to a further reduction for damages sustained by plaintiff for a detention of the property and its injury and for expense of restoring it to the condition it was in when defendants took possession of it, in the sum of $125 and interest as damages for the value of its use $48 leaving a balance due defendants in the sum of $375, for which amount the defendants were entitled to judgment against the plaintiff, he having sold the property since the institution of the suit.

The finding was also that there was a parol agreement entered into at the date of the bill of sale, which provided that plaintiff should retain possession during 1905 and until December or Christmas 1906; and that the giving of the mortgage was a sufficient consideration for an extension of time for the payment of the debt. The result of the finding of the referee was that defendants violated the terms of said parol agreement by taking possession of the property and that the plaintiff was justified in replevying it.

To the report of the referee the defendants filed certain exceptions and at the same time filed a motion for judgment against plaintiff and his surety, on the replevin bond. The exceptions and motion were overruled. The plaintiff also filed certain exceptions to the report, ten in number. Exceptions two and five

and six were sustained and the cause was rereferred. Number 2 relates to the question of admissions made by the defendants. Numbers five and six relate to the holding of the referee that defendants were entitled to an accounting and a judgment for the balance of the debt after the allowance of certain credits.

The cause was rereferred and the referee without taking any additional evidence made his second report, in which he found that the plaintiff was entitled to the possession of the property and damages for its detention in the sum of $173 and recommended that he have judgment accordingly. The defendants filed exceptions to this report which were overruled; and the court affirmed the report of the referee and rendered judgment accordingly, from which defendants appealed.

The abstract of the record contains 603 pages. The reports of the referee and the exceptions of counsel alone would make a large book. Should we attempt to notice in detail all that was said and done in the case, it would avail no useful purpose; we will therefore endeavor to examine and discuss the material points raised on the record without reference to the manner in which they were presented in the trial court. They are two main features in the case which when properly understood will practically determine the rights of the parties.

First what effect is to be given to the written bill of sale upon which defendants rely? Second, Was there an extension of the time of the payment of plaintiff's indebtedness, and if so its effect upon the rights of the parties to the suit.

It is conceded that the bill of sale in question was intended as a mortgage and not an absolute conveyance of the property. It not being recorded and no possession taken of the property mortgaged, rendered it void as to creditors and purchasers under the provision of section 3404, Revised Statutes 1899. The

property therefore remained in the possession of the plaintiff subject to his disposal at any time to either purchasers or creditors.

Upon the second point it is sufficient to say that the evidence of plaintiff and defendant Brown went to show that the inducement for the execution of the bill of sale was that the time for the payment of the indebtedness be extended and that it was not therefore due when defendants took possession of the property, nor at the time of the beginning of the suit. In Smarr v. Schnitter, 38 Mo. 478, it was held: "A deed of trust upon land given by the principal debtor in a note after its maturity providing that no sale of the land should be made to enforce the security until the expiration of eighteen months from the date of the deed, operates as a contract to extend the term of payment." And this rule of law is recognized in Rucker v. Robinson, 38 Mo. 155, and in McCune v. Belt, 38 Mo. 281. In West v. Brison, 99 Mo. 684, it was held that a surety was not discharged where the creditor extended time for the payment of the debt on his principal to an indefinite time. And it is said: "There is no rule of law more firmly settled in this State than that, where the surety claims to have been discharged by reason of an agreement between the creditor and principal debtor, extending the time of payment, it must appear that the agreement was upon valuable consideration, and that the extension was for a definite period of time." [Burrus v. Davis, 67 Mo. App. 210; Aultman & Co. v. Smith, 52 Mo. App. 351.]

There is no real dispute but what the payment of a debt due may be extended to a definite period of time upon a valuable consideration but the controversy arises as to what is meant by "a definite period of time." This precise question was before the court in Feller v. McKillip, 109 Mo. App. 61. There the creditor for a valuable consideration agreed to extend the

time of payment until fall when the fall season millinery would open, the defendant being engaged in the millinery business.    The court held that the parties well understood when the season for millinery goods would open and that the extension was for a definite period.    The case of Weltmer v. Riggs, 3 W. Va. 445, was cited as authority sustaining the construction.    The term does not imply that the extension should be to a certain day.    Reason and common justice alike demand that where a debtor parts with his money or any value right as a consideration for an extension of time for the payment of his indebtedness which is capable of being made definite or which is understood as between himself and his creditor to be a definite period of time, a liberal and not a strict construction should be placed upon the language of the agreement. When a creditor says to the debtor you can have time until you gather your crops to pay your debt to me, the time for payment is well understood to be a definite period.    And the facts in this case bring it well within this rule.

It follows from what has been said that defendants were not justified in taking possession of the property at the time they did, and that plaintiff being entitled to the possession he could maintain his action of replevin.

But it does not follow that the judgment of the court was right in every particular.    While the mortgage was void as to purchasers and creditors it was valid as to the parties, and the action of plaintiff in selling it after he got possession under his writ was a violation of the rights of defendants under the mortgage, and it was also a violation of the parol agreement for an extension of time for the payment of the debt. By making a sale of the property plaintiff destroyed the defendants' lien for the debt, and it would be inequitable to permit him after having perpetrated this fraud

upon their rights to deny to defendants a right to an accounting on the ground that the debt was not due at the institution of this suit or even at the time of the rendition of the judgment.    This would be permitting a man to take advantage of his own wrong, which is obnoxious to a sense of justice.    We are of the opinion that the defendants were entitled to such accounting and to a judgment against plaintiff for the amount of their debt less the damages assessed by the referee to the plaintiff for the detention and damages to the property while in the hands of defendants.

We cannot coincide with the views of the defendants that they are entitled to a judgment over against the securities on the replevin bond.    The bond is statutory and creates no liability unless a return of the property is adjudged, and no equities that might arise in the case between the parties to the suit could have the effect to enlarge the liability of the securities.

The defendants claim that there was error in allowing plaintiff $173 as damages.   Of this sum $125 was for the injury to the property itself.    This was a proper subject for damages.    Of the amount thus allowed was the sum of $48 being the interest at six per cent on the value of the property for the time in which defendants had it in possession.    The rule in such cases is that the mortgagee is to account for the rent received.    [Baker v. Cunningham, 162 Mo. 134.] But the defendants received no rent.    The referee reports that the evidence was so vague and indefinite that he was unable to determine  the value of the use; and therefore concluded to assess its value at a sum equal to the interest at six per cent upon the total value of the property for the time being, which he found to be $48.    This was error because if the evidence was insufficient to form a basis for estimating the value of the use, there was a lack of proof and no value was shown.    Therefore the sum of $48 should be de-

ducted from the amount of damages allowed plaintiff.

We believe we have determined all the material questions presented by the record.    It is therefore ordered and adjudged that the judgment be reversed and remanded with directions to enter judgment for plaintiff for possession of the property and costs, and that defendants have judgment for the amount of their debt which is now due less credits as found by the referee, less the sum of $125 as plaintiff's damages.    All concur.