[No. 2542.   July 13, 1921.]

WEST TEXAS LOAN CO. v. MONTGOMERY.

[Rehearing Denied Sept. 14, 1921.]

### SYLLABUS BY THE COURT.

1. **Held,** that an agreement to extend notes "until frost" is an agreement to extend to a definite time.    P. 298

2. **Held,** that the evidence showed that there was a consideration for the extension, and the question was properly submitted to the jury.    P. 298

3. **Held,** that this court cannot consider a question, where the transcript is incomplete and does not disclose what was done in the court below.    P. 299

4. Where maker of note was by promise of extension of note induced to spend labor and money which he otherwise would not have spent, the same was consideration for the extension; it not being necessary that he pay money to the note holder, if induced to part with something of value.
P. 299

West Texas Loan Co. v. Montgomery, 27 N. M. 296.

### ON MOTION FOR REHEARING.

5.   An objection that a pleading amendment was allowed, substantially changing the defense, is not reviewable, where the only objection urged below was that the evidence adduced did not justify amendment.                    P. 300

6.   It is within the court's discretion to allow or refuse amendments after the evidence is heard, or the arguments of counsel closed.                    P. 300

Appeal from District Court, Curry County; Brice. Judge.

Action by the West Texas Loan Company against J. H. Montgomery.   Judgment for defendant, and plaintiff appeals.   Affirmed.

Patton & Hatch, of Clovis, for appellant.

Rowells & Reese, of Clovis, for appellee.

### OPINION OF THE COURT.

ED. MECHEM, District Judge.   Appellant began suit in the court below by filing an action in replevin in usual form against the appellee for the possession of certain livestock.   Suit was filed September 24, 1918.   Appellee answered, denying allegations of the complaint, and alleging that the appellant was claiming possession under a certain chattle mortgage given. to secure the payment of some notes, the principal one being for $6,877.94, due June 10, 1918; that on August 12, 1918, the appellant had agreed with the appellee that, if appellee would gather and move the live stock onto better grass, the notes would be extended until frost that fall, which occurred October 28, 1918; that appellee gathered and moved said live stock at great labor and expense, in accordance with said agreement, but that on September 24, 1918, the appellant, in violation of said agreement, sued out said writ of replevin, and wrongfully took possession of said live stock, and converted same to its own use and benefit, to appellee's damage in the sum of $16,000.   Appellant replied, admitting the note and mortgage, but denying the other allegations of the answer.   The case

was tried to the court with a jury, and verdict and judgment for appellee in the sum of $2,187.07 was returned, from which appellant brings this appeal. The appellant raises two objections: First, that the extension was not to a definite date; and, second, that the extension was without consideration.

[1]    The appellant first urges that the testimony on behalf of the appellee as to the extension was not sufficiently definite.    There was sufficient evidence introduced on this question to require the same to be submitted to the jury and it was properly submitted.    The appellant next urges that until frost in the fall of 1918 is not an extension to a definite date.    Inasmuch as this note was past due, and the question of the release of a surety is not involved, the rigid rule as to definiteness of time would not apply; but we do not deem it necessary to go into that phase of the question, as we are satisfied that an extension of time "until frost" is an extension for a definite time, the rule being that an agreement to extend the time for payment, in order to be valid, must be for a definite time, although no precise date need be fixed, it being sufficient if the time can be readily ascertained. 8 C. J. 428.    It is sufficient if the promise is to pay at a time which must certainly come at all events.    Cota v. Buck, 7 Metc. (Mass.) 588, 41 Am. Dec. 464.    In this latitude frost must come, and the coming of frost is certain; and not contingent.

[2]    The next proposition urged by appellant is that there was no consideration for the extension, and that it was therefore void.    The appellee testified that the president of the appellant corporation agreed with him that, if he would gather the live stock and move it onto better grass, the notes would be extended and that he (appellee) in pursuance to such agreement gathered said live stock and moved the same; and he and his wife worked, and that he paid out money in employing others to help.    The

court instructed the jury that, if they believed the testimony of the appellee, it would constitute a consideration for the extension. The court was correct in this.

[4]    It cannot seriously be contended that, where the appellee was induced to spend labor and money which he otherwise would not have spent, the same was not a consideration for the extension. It was not necessary that he pay money to the appellant, but if he was induced to part with something of value it was sufficient.

[3]    The appellant has argued that some of the instructions given by the court were erroneous, but as the objections raise the same question as to time and consideration it is not necessary to discuss them. Appellant says that the court erred in permitting the appellee to amend his answer at the close of the case. Inasmuch as the appellant has failed to incorporate the original answer in the transcript, we are unable to discover what the amendment was, and for that reason cannot consider the question.

Finding no error in the record, the case is affirmed; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.

### ON MOTION FOR REHEARING.

ED. MECHEM, District Judge.    In a motion for rehearing filed, appellant contends that the court was in error in the original opinion in refusing to consider the action of the court in permitting the appellee to amend his answer at the close of the case. The refusal to consider was based upon the fact that appellant had failed to incorporate the original answer into the transcript. Appellant admits that it failed to incorporate such original answer into the transcript, but insists that this was impossible, because the court permitted the amendment to be made by interlineation. Consequently, the only pleading appearing in the files of the court below was the original answer, as amended.

[5]    Assuming, however, that the point is properly here for consideration, there is no merit in the argument advanced by appellant that there was any error in permitting the amendment.   In considering the propriety of the action of the court, we would be limited to the objection interposed to the allowance of the amendment in the court below, and this was that there was nothing in the evidence adduced to justify any such amendment.   It is argued here that by the allowance of the amendment defendant was permitted to change substantially his defence. This objection was not urged in the court below, and, of course, will not be considered.

[6]    Reverting to the objection there interposed, that the evidence did not justify the amendment, it is sufficient to say that this has been disposed of by what was said in the original opinion.   We there held that the evidence was sufficiently definite as to the extension, and that there was sufficient evidence on this point to require its submission to the jury. This being true, the court did not abuse its discretion in permitting the trial amendment.

"It is generally held to be within the discretion of the court to allow or refuse amendments after the evidence is heard or the arguments of counsel closed." 31 Cyc. 401.

For the reasons stated, the motion for rehearing will be denied; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.