## DRAKE v. HARRIS et al. (No. 3795.)

Court of Civil Appeals of Texas. Texarkana.
Jan. 16, 1930.

H. L. Carpenter, of Greenville, for plaintiff in error.

Bowman & Bowman, of Greenville, for defendants in error.

WILLSON, C. J. (after stating the case as above). ■ It is apparent from the foregoing statement that, if the judgment was warranted, it was because it appeared the note was without a consideration to support it; and we think it is also apparent from said statement that the note was supported by a sufficient consideration, to wit, the consideration moving from Drake to Harris. It sufficiently appeared that Treadway and Sockwell were, as they claimed to be, accommodation makers of the note, but the accommodated party was Harris, not Drake, and no consideration moving to them from Drake was necessary as a support for their promise. Article 5933, R. S. 1925; 3 R. C. L. 927; 8 C. J. 255; Magill v. McCamley (Tex. Civ. App.) 182 S. W. 22. At the place cited in Ruling Case Law it is said: "To fasten liability upon an accommodation indorser it is not necessary that any consideration should move directly to him. The contract of such endorsement is supported by the consideration moving to the payee from the person to whom he negotiates the instrument. Nor is any consideration moving to the accommodation maker necessary to uphold an accommodation note; the consideration which supports the promise of the accommodation maker is that parted with by the person taking the note and received by the person accommodated."

■ The finding of the jury that Drake told Treadway that, if he signed the note, he would not have to pay it, was predicated on testimony erroneously admitted over Drake's objection, and because, without pleading to support it, the finding should not have been treated as a sufficient basis for the judgment.

Because the judgment should have been in Drake's favor against Treadway and Sockwell as well as against Harris, it will be so reformed as to adjudge a recovery against them also, and, as so reformed, will be affirmed.