Robert H. MARTIN, Appellant,

v.

FANNIN BANK, Appellee.

No. 14517.

Court of Civil Appeals of Texas.
Houston.

April 15, 1965.

Lamar Carnes, Houston, for appellant.

Joe H. Reynolds, David C. DuBose, Houston, Bracewell, Reynolds & Patterson, Houston, of counsel, for appellee.

BELL, Chief Justice.

The opinion rendered by us on March 11, 1965, is withdrawn and the following is substituted as the opinion of the Court.

This is an appeal from a judgment rendered on motion for summary judgment against appellant who was an endorser of a note executed to appellee by Offshore Gas Co., Inc. and L. C. George. Judgment was in the amount of $14,388.00. This represents the principal of the note in the amount of $12,000.00 plus interest and attorney's fees. Only Martin has appealed.

Suit was on a promissory note dated June 5, 1963, which was due September 3, 1963. It provided that "The makers and all endorsers, sureties and guarantors, hereby severally waive demand, notice, presentment, protest, suit, notice of dishonor, notice of non-payment and notice of protest upon or against any of the makers, endorsers, sureties or guarantors of this note; * * *."

Appellant filed an original answer, the terms of which we need not notice because it was superseded by a first amended original answer. However, before the filing of the amended answer, appellee filed its motion for summary judgment, in effect showing the suit was on a promissory note; that appellant's original answer showed no defense, nor did anything on file in the case. An answer was filed to the motion for summary judgment and at the same time appellant filed his amended answer and his affidavit supporting his answer to the motion for summary judgment swore to the facts alleged in the first amended original answer.

■ The record shows without dispute that appellant was an accommodation endorser for the makers and that consideration for the note moved from appellee to the makers. Therefore, the pleaded defense

that appellant was an accommodation endorser and there was no consideration fails. Drake v. Harris, Tex.Civ.App., 24 S.W.2d 445, n. w. h.; Otto v. Republic Nat'l Co., Tex.Civ.App., 173 S.W.2d 235, writ ref.; Culberson v. Hawkins, Tex.Civ.App., 321 S.W.2d 140, n. w. h.

■ The appellant's contention that a fact issue was raised as to whether there was failure to give notice of non-payment after maturity until a time the makers were insolvent and delayed too long before filing suit and the makers became insolvent is without merit. This is not a defense here because the note expressly provides on its face for waiver of notice of non-payment and presentment. Article 5937, Sec. 82, and Article 5938, Secs. 108 and 110, Vernon's Ann.Tex.Civ.St.; Blucher v. Eubank, 5 S.W.2d 972 (Tex.Com.App.); Delta Metals, Inc. v. Alfin Mfg. Co., Tex.Civ.App., 342 S.W.2d 599, writ ref.

■ We have determined, however, that when we resolve every doubt as to the existence of a material fact issue in favor of appellant against whom summary judgment was rendered, as we must do, a material fact issue is raised as below stated. The burden in a summary judgment proceeding is upon the movant to negative the existence of any fact issue. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274; Winters v. Langdeau, Tex.Civ.App., 360 S.W.2d 515; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Stewart v. Malek, Tex.Civ.App., 338 S.W.2d 501, ref., n. r. e.

From a very careful reading of appellant's affidavit and his sworn first amended original answer, we divine the allegation of a valid agreement to forbear to sue to a time certain. The note sued upon was due in September, 1963. Appellant alleges that in January or February, 1964, representatives of appellee requested him to put up as security for this note, on which he was an endorser, and other notes of which he was maker, 100,000 shares of Power Oil Company stock, and appellee

agreed if he did so appellee would allow him sufficient time prior to bringing suit to recoup "monies *accruing* to him from certain oil and gas production in Texas and Oklahoma and which were not being paid to this Defendant until such time as the same had been released by proper order of the Court in the District Court of the United States for the Eastern District of Texas, Tyler Division, in the matter of Trice Production Company, a debtor, in proceedings for reorganization of a corporation No. 3901." He further alleges that in the very near future said revenue which was accruing should be released. He then alleges he deposited the stock, assigning it in blank, and that it was of the approximate value of $50,000.00. In the affidavit he alleges substantially the same except that he adds that the proceeds from the oil and gas properties were to be paid on this and other notes of appellant held by appellee and legal action was to be withheld until after these proceeds were received.

 This is not an attempt to vary the terms of a written instrument by proving an oral agreement made before or contemporaneously with the written agreement, as contended by appellee. This is the allegation of an extension agreement made after the note has matured. The parol evidence rule precludes proof of prior or contemporaneous oral agreements. McCormick & Ray, Texas Law of Evidence, Sec. 1671.

■ The agreement is based on a sufficient consideration, that is, the deposit of the shares of stock. 11 Amer.Jur.2d § 303, p. 329.

■ For an extension of time for payment of a note to be binding, it must not only be supported by consideration but the extension must be to a time certain. While no certain date to which payment was postponed appears, it does appear that payment was postponed until a certain event occurred, that is, until a proper order should be signed by the United States District Court in a named proceeding then pending

releasing the oil and gas proceeds that were alleged to be accruing to appellant. It is certain that in the case an order of release will be signed. Appellant alleges facts which if true will make certain that such an order will release the funds to him. In any event, however, it is certain that some order of release will be signed. While the date is not certain, the event to which postponement is granted is certain to occur. This suffices. Robson v. Brown et al., Tex. Civ.App., 57 S.W. 83, 686, writ ref.; Hancock v. Stacy, 103 Tex. 219, 125 S.W. 884 (S.Ct.); West Texas Loan Company v. Montgomery, 27 N.M. 296, 200 P. 681; Cummings v. Badger Lumber Co., 130 Mo. App. 557, 109 S.W. 68.

Appellant's motion for rehearing is granted, and the case is reversed and remanded.