**Robert L. SONFIELD, Jr., et al., Appellants,**

**v.**

**E. Rue THOMAS, Appellee.**

**No. 15217.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 1, 1968.

Sonfield, Sonfield & Lawrence, Robert L. Sonfield, Houston, for appellants.

MacNaughton, Brady & Marlatt, W. A. MacNaughton, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment for the plaintiff in a suit on a promissory note. The principal question is whether the facts set out in the affidavits filed by the defendants in response to the motion for summary judgment establish a valid parol extension of the due date of the note, or raise an issue of fact as to such an agreement.

The two appellants filed virtually identical affidavits. In his affidavit Robert L. Sonfield, Jr., states that after the execution of the note sued on "it was mutually agreed between plaintiff, E. Rue Thomas, this affiant and George H. Lawrence, that the payment of this note would be delayed or extended until such time as the 2,000 shares of the capital stock of Globe Leasing, Inc. became marketable through a regularly licensed broker who is a member of a national stock exchange and is being bought, sold and traded in the securities market; that Defendants agreed to continue to pay the interest on such note; that at such time, and at this time, it was and is contemplated within a short period of time arrangements will be made so that the shares of the capital stock of such corporation may be bought, sold and traded on a national stock exchange and will become marketable through a regularly licensed broker who is a member thereof; that such event should occur when the details with respect thereto are worked out; that such event has not occurred as of this date and Plaintiff has breached such an agreement by having filed this suit on March 24, 1967."

In Martin v. Fannin Bank, 389 S.W. 2d 724 (Tex.Civ.App., Houston, 1965) this Court said:

"For an extension of time for payment of a note to be binding, it must not only be supported by consideration but the extension must be to a time certain. While no certain date to which payment was postponed appears, it does appear that payment was postponed until a certain event occurred, that is, until a proper order should be signed by the United States District Court in a named proceeding then pending releasing the oil and gas proceeds that were alleged to be accruing to appellant. It is certain that in the case an order of release will be signed. Appellant alleges facts which if true will make certain that such an order will release the funds to him. In any event, however, it is certain that some order of release will be signed. While the date is not certain, the event to which postponement is granted is certain to occur. This suffices. Robson v. Brown et al., Tex.Civ.App., 57 S.W. 83, 686, writ ref.; Hancock v. Stacy, 103 Tex. 219, 125 S.W. 884 (S.Ct.); West Texas Loan Company v. Montgomery, 27 N.M. 296, 200 P. 681; Cummings v. Badger Lumber Co., 130 Mo.App. 557, 109 S.W. 68."

The affidavit does not state facts showing an agreement to postpone the due date of the note until the happening of an event certain to occur. While it may be contemplated that the arrangements will be concluded qualifying the stock to be listed on a national stock exchange, and that the stock will become marketable through licensed brokers, no facts are alleged that show with any degree of certainty that these events will occur. Sonfield v. Eversole, Tex.Civ.App., 416 S.W.2d 458 (1967), ref., n. r. e.

The judgment of the trial court is affirmed.

Affirmed.